F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY BURL SMITH, also known
as Troy Lee Jackson and Kevin Chowee
Watson,

Defendant - Appellant.

No. 02-1289
D.C. No. 02-B-1025
and 96-CR-306-B
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Defendant Anthony Burl Smith, a federal prisoner appearing pro se, seeks a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We deny the request for a COA and dismiss the appeal. See 28 U.S.C. § 2253(c) (indicating "appeal may not be taken" without a COA).

In 1996, Smith pled guilty to one count of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced to 121 months in prison. Judgment was entered on December 13, 1996, and Smith did not file a direct appeal. On May 30, 2002, Smith filed his § 2255 motion, asserting his federal sentence was improperly enhanced on the basis of a 1989 conviction for violating a Denver ordinance prohibiting the carrying of a concealed weapon. Smith pointed to a Colorado statute, Colo. Rev. Stat. § 18-12-105.6, enacted August 2, 2000, limiting the ability of local governments within Colorado to enact or enforce certain local ordinances pertaining to the carrying of firearms in private vehicles. The district court dismissed Smith's motion as untimely. In doing so, the court accepted Smith's assertion that he did not receive a copy of the Colorado statute until May 1, 2002, but concluded "the existence of th[e] statute [wa]s a fact that could have been discovered through the exercise of due diligence in 2000." ROA, Doc. 34 at 3. Further, the court noted that "Smith admit[ted] that his attorney actually informed him of the existence of the statute in April 2001 when his attorney filed a postconviction motion in state court seeking to overturn the 1989 conviction." Id. Thus, the court concluded that "Smith had actual knowledge of the

existence of the statute . . . more than one year before the § 2255 motion was filed." Id. The district court denied a COA and Smith has renewed his application with this court.

Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner's entitlement to a COA hinges on his ability to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the record, we are not persuaded that Smith has stated a valid claim of the denial of a constitutional right. Accordingly, we need not examine the district court's procedural ruling and Smith's related arguments that equitable tolling should apply.

> If . . . a prior [state] conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels v. United States, 532 U.S. 374, 382 (2001). At the time of Smith's federal sentencing, his 1989 conviction for carrying a concealed weapon was presumptively valid. Although the record indicates that, following enactment of Colo. Rev. Stat. § 18-12-105.6, Smith attempted to collaterally attack the 1989 conviction in Colorado state

court, there is no indication in the record that he did so successfully.[1]  Thus, "[t]he presumption of validity that attached" to the 1989 "conviction at the time of sentencing is conclusive," and Smith "may not collaterally attack" that "conviction through a motion under § 2255."  Daniels, 532 U.S. at 382.

The application for a COA is DENIED and the appeal is DISMISSED.  Smith's request for leave to proceed on appeal in forma pauperis is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1]  We note, in passing, that the Colorado Court of Appeals has interpreted Colo. Rev. Stat. § 18-12-105.6 as simply "limit[ing], not eliminat[ing], local ordinances regulating the carrying of weapons in private vehicles."  Trinen v. City & County of Denver, 53 P.3d 754, 760 (Colo. Ct. App. 2002).